■ METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant, v COUNTY OF NASSAU, Respondent. [5 NYS3d 60]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered October 16, 2013, dismissing the complaint and awarding costs to defendant, unanimously affirmed, without costs. Appeal from underlying order, same court and Justice, entered September 3, 2013, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

When read in the context of the entire agreement, the plain, unambiguous meaning of the disputed language in section 13 (ii) of the parties' lease and operating agreement conclusively refutes, as a matter of law, plaintiff's contract claim that defendant was obligated to pay the post-contract termination labor costs due to plaintiff's former employees (*see Richard Feiner & Co. Inc. v Paramount Pictures Corp.*, 95 AD3d 232, 237-238 [1st Dept 2012], *lv denied* 19 NY3d 814 [2012]). Section 13 (ii) provides that upon a party's election to terminate the agreement (as occurred here), defendant would become accountable for plaintiff's post-termination wind-down labor costs associated with its employees continued furnishment of bus services for defendant only until such time as plaintiff's workforce was disbanded, or there was a transfer of such workforce to defendant's payroll, or to the payroll of defend-

ant's designated replacement operator. Defendant designated a new, privatized bus operator to take over plaintiff's bus services the day after the agreement was terminated. Thus, it never actively took over the bus operation, or utilized any of plaintiff's former workforce in the provision of bus services after the termination date. Accordingly, defendant is not liable for the wind-down labor costs of plaintiff's former employees, and the complaint was properly dismissed (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 5-6 [1st Dept 2004]).

Plaintiff's proffered interpretation would render meaningless the language that conditions defendant's obligation to pay post-termination labor costs on defendant's subsequent operation of the bus system using plaintiff's former employees (*see generally Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *150 Broadway N.Y. Assoc., L.P.*, 14 AD3d at 6). A court may not, under the guise of construction, add or excise terms, or distort the meaning of terms used to make a new contract (*see Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 7 [1st Dept 2012]), as plaintiff's interpretation would require. Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.